NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
DONALD PLATTEN,             :
                            :   **Civ. No. 18-17082 (RMB)**
         Petitioner         :
                            :
    v.                      :   **OPINION**
                            :
DAVID E. ORTIZ,             :
                            :
         Respondent         :
_____ :

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner Donald Platten's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Pet., ECF No. 1); Memorandum in Supp. of Pet. ("Petr's Mem.", ECF No. 1-2) Respondent's Answer (Answer, ECF No. 12); and Petitioner's Reply Brief ("Petr's Reply", ECF No. 13.) Petitioner seeks to vacate his conviction for obstructing the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a), in light of the Supreme Court's decision in Marinello v. United States, 138 S. Ct. 1101 (2018). For the reasons set forth below, the petition is denied.

I.   BACKGROUND

On February 10, 2010, Petitioner was convicted, in the United States District Court for the Southern District of Florida, of

multiple fraud offenses and one count of corruptly endeavoring to obstruct the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). (Declaration of Kristin Vassallo ("Vassallo Decl.", Ex. A, Report of Magistrate Judge ("R&R"), ECF No. 12-3 at 5; United States v. Platten, 08cr80148 (DMM) (S.D. Fla. Feb. 10, 2010) (Judgment, ECF No. 105).[1] The § 7212(a) charge was based on Petitioner's use of falsified documents and nominees to hide his assets and income from the IRS. (Vassallo Decl., Ex. D, Indictment, ECF No. 12-3 at 413-15.)

At sentencing, the district court imposed a two-level enhancement of the Guidelines range for obstruction of justice under U.S.S.G. § 3C1.1, finding that -- in addition to the conduct charged under § 7212(a) in the Indictment -- Petitioner committed additional acts intended to obstruct the criminal tax investigation. When subpoenaed by the grand jury, he told the agents that he didn't have any responsive documents. Petitioner then manufactured promissory notes and other documents, which he caused to be provided to the agents by an associate. (Vassallo Decl., Ex. E, Sentencing Transcript ("Sent. Tr."), ECF No. 12-3 at 465-66; see also PSR ¶35, ECF No. 11 at 9 ("the defendant obstructed justice by providing false information while under investigation by the grand jury.")) The district court calculated

---

[1] Available at www.pacer.gov.

a Sentencing Guidelines range of 262-327 months imprisonment and sentenced Petitioner to the bottom of the range, 262 months. (Vassallo Decl., Ex. E, Sent. Tr., ECF No. 12-3 at 530.)

Petitioner appealed and the Eleventh Circuit affirmed his conviction and sentence. United States v. Platten ("Platten I"), 448 F. App'x 873 (11th Cir. 2011). Petitioner moved to vacate his sentence under 28 U.S.C. § 2255. Platten, 08cr80148(DMM) (S.D. Fla. Sept. 6, 2012) (Mot. to Vacate, ECF No. 140). A magistrate judge recommended denying the motion and the district court adopted the recommendation. Platten v. U.S. ("Platten II"), 2014 WL 46523 (S.D. Fla. Jan. 2, 2014). Petitioner was denied a certificate of appealability. Id.

In March 2018, the Supreme Court decided Marinello v. United States, 138 S. Ct. 1101 (2018). The Court held that, "to secure a conviction under the Omnibus Clause [26 U.S.C. § 7212(a)], the Government must show (among other things) that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding." Id. at 1109. That "nexus" requires "a relationship in time, causation, or logic" between the obstructive conduct and the proceeding. Id. (citation omitted).

In December 2018, Petitioner filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner argues that his § 7212(a) conviction must be vacated because, in light of Marinello, the conduct underlying that conviction is no longer

3

criminal. (Petr.'s Mem., ECF No. 1-2 at 7-9.) Petitioner further contends that he is entitled to de novo resentencing on the remaining counts of conviction. (Id. at 24.)

II. STATEMENT OF FACTS

Petitioner was a businessman who controlled a publicly traded corporation and stole hundreds of thousands of dollars from its shareholders by causing the company to fraudulently issue stock to his personal creditors and family members in repayment of non-existent corporate debt. Platten II, 2014 WL 46523, at *5 (S.D. Fla. Jan. 2, 2014). SEC laws restricted the ability of a publicly traded company to issue stocks to insiders and their affiliates. Id.

As part of the scheme, Petitioner created fake promissory notes, backdated by at least two years, which could be converted into tradeable shares of stocks. Id. He issued shares of stocks to pay personal debts, including for his honeymoon, to his creditors and family members. Id. at 5-6. By manufacturing false documents, he hid from public investors that insiders were selling their shares through nominees and receiving the benefits. Platten II, 2014 WL 46523, at *5 (D.N.J. Jan. 2, 2014). He did not report income to the IRS for payment of his debts in this manner. Id. at 6. Petitioner also conspired to commit mortgage fraud to purchase a home in Boca Raton, Florida. Id. at 7.

4

A federal grand jury began investigating Petitioner for tax crimes in early 2006, and special agents of the Internal Revenue Service interviewed Petitioner in March of that year. (Vassallo Decl., Ex. B (Trial Transcript ("Trial Tr."), ECF No. 12-3 at 212); (PSR, ECF No. 11, ¶22.) In that interview, Petitioner was asked about the businesses he ran, and he falsely omitted two companies -- "Eli Enterprises" and "Palm Beach Classic Cigar" -- that he ran under the name of his chauffeur, Eli Goldshor, and which he used as part of his securities-fraud scheme. (Vassallo Decl., Ex. B., Trial Tr., ECF No. 12-3 at 212-16.)

Petitioner also lied to the IRS agents in response to a subpoena for loan documents, which included promissory notes or financial documents showing debts. (Id. at 217-20.) He said that he had no loan documents relating to his company DCGR because he had given the documents to a former business partner and they had probably been destroyed. (Id.) When his chauffeur, Goldshor, was questioned by IRS agents about a promissory note issued to him by Petitioner's company, Petitioner supplied Goldshor with a fake promissory note, dated before Goldshor had begun working for Petitioner. (Id. at 221-22; Vassallo Decl., Ex. E, Sentencing Tr., ECF No. 12-3 at 464-66.) Thus, the sentencing court found "[Petitioner] provided false statements and omissions to the agents. He responded that he didn't have any documents when subpoenaed by the grand jury, later giving documents to Mr.

5

Goldshor and the documents … were manufactured by [Petitioner.]" (Vassallo Decl., Ex. E, Sentencing Tr., ECF No. 12-3 at 466.)

III. DISCUSSION

    A.    The Petition

Petitioner invokes the savings clause of 28 U.S.C. § 2255(e) to bring a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, on the basis that the Supreme Court's decision in Marinello, 138 S. Ct. 1101 (2018) renders his confinement unconstitutional because he is being punished for conduct that is no longer deemed criminal. (Petr's Mem., ECF No. 1-2 at 3.)

The obstruction charge against Petitioner, Count 17 of the Indictment, was based on Petitioner's conduct of failing to file individual tax returns for 2004 and 2005; filing a false individual tax return for 2006; concealing income and assets through nominees; and failing to cause the company he controlled to file corporate tax returns for 2004 through 2007. (Id. at 4); United States v. Platten, 08cr80148 (DMM) (S.D. Fla. Feb. 10, 2010) (Indictment, ECF No. 1.) This conduct was the basis for the obstruction conviction and the conduct pre-dated the initiation of a targeted tax-related proceeding. (Petr's Mem., ECF No. 1-2 at 4-5.) Petitioner claims that his conviction on this Count was used to formulate the offense level calculation at sentencing and as a basis to support a two-level obstruction enhancement. (Id. at 6.)

6

On March 21, 2018, the Supreme Court in Marinello held that 26 U.S.C. § 7212(a) does not reach obstructive acts aimed at routine IRS business such as processing and reviewing tax returns. (Petr's Mem., ECF No. 1-2 at 7-8.) The essential elements to establish a § 7212(a) violation, after the Marinello decision, include (1) a pending or reasonably foreseeable targeted administrative proceeding; and (2) a nexus between the defendant's obstructive endeavors and the targeted administrative action. (Id. at 9.)

Petitioner contends his trial record is devoid of any evidence of a targeted, pending tax-related proceeding or a nexus between the pending proceeding and the alleged obstructive acts. (Id. at 10.) Petitioner argues that Marinello applies retroactively and excludes from § 7212(a)'s scope obstructive acts that did not have a nexus to a particular administrative proceeding. (Id. at 12.) Thus, pursuant to the Third Circuit's decision in Bruce v. Davis, 868 F.3d 170, 180 (3d Cir. 2017), Petitioner contends he is entitled to habeas relief under 28 U.S.C. § 2241 because under Marinello he is actually innocent of violating § 7212(a). (Id. at 13-14.)

In support of his actual innocence claim, Petitioner argues that the jury instructions given at his trial permitted the jury to convict him based on conduct which, under Marinello, is no longer criminal. (Petr's Mem., ECF No. 1-2 at 18-20.) Petitioner

7

further asserts that the Indictment did not describe a nexus between the alleged obstructive conduct and a specific, targeted administrative action that was pending or reasonably foreseeable. (Petr's Mem., ECF No. 1-2 at 20.) The conduct alleged in the Indictment was failing to file an individual tax return in 2004 and 2005; filing a false individual tax return for 2006; concealing income and assets through nominees; and failing to cause the company he controlled to file corporate tax returns for 2004 through 2007. (Id.) Petitioner maintains that his Guidelines range was enhanced four levels based on the conduct underlying the obstruction charge, requiring de novo sentencing upon vacation of his obstruction conviction. (Id. at 24-25.) Petitioner contends his total offense level should be 35 and his Guidelines range should be 168 to 210. (Id. at 25.)

B. Respondent's Opposition to Habeas Relief

Respondent acknowledges that Marinello announced a new rule of substantive law that applies retroactively, and that Marinello did not exist when Petitioner filed his direct appeal and his motion under 28 U.S.C. § 2255. (Answer, ECF No. 12 at 11, n.5.) However, Respondent contends Petitioner cannot show actual innocence that entitles him to relief under § 2241. (Id. at 12.) In bringing an actual innocence claim, the habeas court is "not bound by the rules of admissibility that would govern at trial, but must instead make its determination in light of all the

8

evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." (Answer, ECF No. 12 at 12, quoting Bruce, 868 F.3d at 184.) In other words, this Court must "make a probabilistic determination about what reasonable, properly instructed jurors would do," considering "all the evidence." (Id., quoting Bruce, 868 F.3d at 188, in turn quoting Schlup v. Delo, 513 U.S. 298, 328-29 (1995)).

Respondent acknowledges that Petitioner was charged with hiding assets and using nominees to obstruct a *potential*, *future* IRS investigation — as allowed at the time in every circuit except the Sixth, but contends that the evidence in the record at trial and sentencing establishes that Petitioner also sought to obstruct the criminal investigation against him, which was a targeted action of which he was aware. (Id.) Specifically, the trial record shows that Petitioner lied to the IRS agents during an interview and lied in response to a subpoena request as part of a targeted investigation. (Id. at 12-13.) Petitioner also gave his co-conspirator forged, backdated documents to provide to the IRS during its investigation. (Id.) At sentencing, the district court found:

> [Petitioner] provided false statements and omissions to the agents. He responded that he didn't have any documents when subpoenaed by

9

>       the grand jury, later giving documents to Mr.
>       Goldshor, and the documents — promissory notes
>       and other documents based on the evidence at
>       trial were manufactured by Mr. Platten.

(Answer, ECF No. 12 at 13, citing Sentencing Tr. at 45.)

Respondent, therefore, contends that the existing record demonstrates that Petitioner's conduct violated 26 U.S.C. § 7212(a), as interpreted by <u>Marinello</u>, because there was strong evidence of a nexus between Petitioner's conduct and the pending criminal tax investigation. (<u>Id.</u> at 13-14.)

### C. <u>Petitioner's Reply Brief</u>

In reply, Petitioner notes that Respondent does not dispute that the jury instructions given at his trial were erroneous under <u>Marinello</u>, and Petitioner contends the error was not harmless because Petitioner was convicted based on conduct that is no longer a violation of § 7212(a). (Petr's Reply, ECF No. 13 at 2, 8-14.) Even if the jury was properly advised in accordance with <u>Marinello</u>, Petitioner argues that the conduct set forth in the Indictment is no longer a valid basis for a conviction. (<u>Id.</u> at 15.) Petitioner asserts that the Government neither alleged nor proved the existence of a pending, targeted governmental tax related proceeding that Petitioner knew of and intended to interfere with when he failed to report or pay his taxes for the several years prior to the IRS initiating the administrative proceeding. (<u>Id.</u> at

19.) Thus, Petitioner seeks vacation of the conviction and de novo resentencing.

   D.   Analysis

   1.   Section 2255(e) Savings Clause

In 1948, Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under 28 U.S.C. § 2241 with a process that allowed a prisoner to file a motion in the sentencing court on the grounds that his sentence was imposed in violation of the Constitution or laws of the United States. Bruce v. Davis, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner's collateral review of his conviction must be brought in the sentencing court under § 2255 unless he can show that the remedy is inadequate or ineffective to test the legality of his conviction. Id.

When Congress added limitations to § 2255 in 1996, including requiring permission from the appropriate Circuit Court of Appeals to file a second or successive motion under § 2255, the savings clause of § 2255(e) was untouched. Id. at 179. Thus, the Third Circuit

> held that in the unusual situation where an intervening change in statutory interpretation [by the Supreme Court] runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241.

Id., quoting In re Dorsainvil, 119 F.3d at 251.

11

The Third Circuit

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [U.S. v.]Tyler, 732 F.3d [241], 246 [3d Cir. 2013](quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Id. Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.
> . . .
> The established framework for determining the retroactive effect of new rules was set forth in the plurality opinion in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). That framework applies as much in a federal collateral challenge to a federal conviction as it does in a federal collateral challenge to a state conviction. United States v. Reyes, 755 F.3d 210, 213 (3d Cir. 2014). But cf. Welch v. United States, --- U.S. ----, 136 S.Ct. 1257, 1264, 194 L.Ed.2d 387 (2016) (assuming without deciding that Teague applies to federal collateral review of federal convictions). Teague concluded that, as a general matter, new constitutional rules of criminal procedure do not apply retroactively to convictions that are already final. Two categories of new rules fall outside this general bar. First are "[n]ew substantive rules." Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004);

> see Teague, 489 U.S. at 307, 311, 109 S.Ct. 1060.
>
> . . .
>
> "A case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301, 109 S.Ct. 1060…. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Schriro, 542 U.S. at 353, 124 S.Ct. 2519. "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id. at 351-52, 124 S.Ct. 2519.

Bruce, 868 F.3d at 180-81.

Actual innocence claims under § 2241 are subject to the "actual innocence gateway standard." Bruce, 868 F.3d at 184. A petitioner must "'demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Bousley v. U.S., 523 U.S. 614, 623, (1998) (internal quotation marks omitted)). "A petitioner can meet this standard 'by demonstrating an intervening change in law that rendered his conduct non-criminal.'" Id., (quoting Tyler, 732 F.3d at 246.

> [T]he Government "is not limited to the existing record to rebut any showing that [the] petitioner may make." Bousley, 523 U.S. at 623-24, 118 S.Ct. 1604. A habeas court is therefore "not bound by the rules of admissibility that would govern at trial," but must instead "make its determination 'in light of all the evidence, including that alleged to have been illegally admitted (but with due

13

regard to any unreliability of it) and
evidence tenably claimed to have been wrongly
excluded or to have become available only
after the trial.'" Schlup, 513 U.S. at 327-
28, 115 S.Ct. 851 (quoting Henry J. Friendly,
Is Innocence Irrelevant? Collateral Attack on
Criminal Judgments, 38 U. Chi. L. Rev. 142,
160 (1970)). With this broader array of
evidence in view, the district court does not
exercise its "independent judgement as to
whether reasonable doubt exists"; rather, the
actual innocence standard "requires the
district court to make a probabilistic
determination about what reasonable, properly
instructed jurors would do." Id. at 329, 115
S.Ct. 851.

Bruce, 868 F.3d at 184.

### 2. Attempts to Interfere with Administration of Internal Revenue Laws Under 26 U.S.C. § A7212(a)

Attempts to interfere with administration of internal revenue laws are unlawful under 26 U.S.C. § 7212(a), which provides:

> Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

14

In March 2018, the Supreme Court, in Marinello, interpreted this statutory provision narrowly. 138 S. Ct. at 1108. Thus, the Court held that to secure a conviction, "the Government must show (among other things) that there is a "nexus" between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." Marinello, 138 S. Ct. at 1109. The Court rejected the argument that "the processing of tax returns is part of the administration of the Internal Revenue Code and any corrupt effort to interfere with that task can therefore serve as the basis of an obstruction conviction." Id. at 1110.

For a conviction under this provision, "the Government must show that the proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." Id. "It is not enough for the Government to claim that the defendant knew the IRS may catch on to his unlawful scheme eventually." Id.

### 3. Petitioner May Assert An Actual Innocence Claim Under 28 U.S.C. § 2241

Petitioner was convicted and sentenced in 2010. He brought a motion to vacate, set aside or correct sentence in September 2012, which was denied by the district court and affirmed by the Eleventh Circuit. Because his claim of actual innocence under Marinello does not meet the requirements of 28 U.S.C. § 2255(h) because it

15

is not based on newly discovered evidence or a new rule of constitutional law, Petitioner seeks to bring his claim under § 2241, pursuant to Bruce.

Petitioner's first hurdle is to establish a change in statutory caselaw that applies retroactively in cases on collateral review. Marinello is such a case. "A case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301 (emphasis in original). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Schriro, 542 U.S. at 353. "This includes decisions that narrow the scope of a criminal statute by interpreting its terms … as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id. at 351-52 (citations omitted).

Marinello represents the first time the Supreme Court interpreted 26 U.S.C. § 7212(a). Marinello, at 138 S. Ct. at 1109. There was a circuit split on whether this provision required "the Government to show that the defendant had tried to interfere with a 'pending IRS proceeding.'" Id. at 1105. Marinello indeed interpreted a criminal statute in a manner that narrowed its scope. Therefore, the rule announced in Marinello applies retroactively

16

in cases on collateral review, establishing the first condition for bringing his habeas claim under § 2241.

Petitioner also satisfies the second condition for bringing his claim under § 2241, he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. In 2010, Petitioner was convicted of obstruction under § 7212(a) in a jurisdiction that did not require the Government to show interference with a pending IRS investigation. The Supreme Court's interpretation of the statute was not available to Petitioner in his direct appeal or collateral review proceedings.

### 4. Petitioner Has Not Established His Actual Innocence Under the Gateway Standard

In support of his actual innocence claim, Petitioner relies on the fact that, post-Marinello, his jury instructions were erroneous. Further, he asserts that the conduct charged in the § 7212(a) Count of the Indictment does not describe a nexus between the alleged obstructive conduct and a specific, targeted administrative action that was pending or reasonably foreseeable. Instead, he was convicted on the obstruction charge upon evidence that he failed to file an individual tax return in 2004 and 2005; filed a false individual tax return for 2006; concealed income and assets through nominees; and failed to cause the company he controlled to file corporate tax returns for 2004 through 2007.

17

According to Petitioner, all of this conduct occurred before the IRS investigation began and does not satisfy the elements for conviction under § 7212(a), as set forth in Marinello.

Petitioner, however, ignores the actual innocence gateway standard. The Third Circuit has explained "[w]e are not concerned with what the misinformed jury did, might have done, or could have done. Instead, we are making a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" Cordaro v. United States, 933 F.3d 232, 245 (3d Cir. 2019) (quoting Schlup, 513 U.S. at 329.) Furthermore, Petitioner incorrectly argues that only evidence of the conduct charged in the Indictment may be used to determine whether he is actually innocent. Marinello's nexus requirement need not be alleged in the Indictment. See United States v. Prelogar, No. 17-cr-248, 2018 WL 5730165, at *2 (W.D. Mo. Nov. 2, 2018) (Marinello's "nexus requirement need not be included in the indictment charging a violation of § 7212(a)"); United States v. Guirguis, No. 17-cr-487, 2018 WL 5270315, at *3 (D. Haw. Oct. 23, 2018) ("The Supreme Court [in Marinello] did not find that the Government must plead a nexus between the defendant's conduct and an administrative proceeding into the charging document.")

"[T]he District Court is not limited to the existing record but should consider 'all the evidence, including that alleged to have been illegally admitted (but with due regard to any

18

unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" Voneida v. Attorney Gen. Pennsylvania, 738 F. App'x 735, 738 (3d Cir. 2018) (quoting Bruce, 868 F.3d at 184) (quoting Schlup v. Delo, 513 U.S. at 327-28). Although not charged in the Indictment, there was evidence at trial that Petitioner obstructed a known criminal investigation by the IRS.

Petitioner lied to the IRS agents investigating him about what businesses he controlled and lied about the existence of loan documents the grand jury had subpoenaed from him. He also gave his co-conspirator forged, backdated documents to provide to the Government in the investigation. (Vassallo Decl., Ex. B., Trial Tr., ECF No. 12-3 at 212-22.) At sentencing, the district court found that Petitioner provided false statements and omissions to the agents during a pending criminal tax investigation. (Vassallo Decl., Ex. E, Sentencing Tr., ECF No. 12-3 at 466.)) The existing record demonstrates that Petitioner's conduct violated 26 U.S.C. § 7212(a), as interpreted by Marinello, and Petitioner has not met the gateway standard of an actual innocence claim.

IIV. CONCLUSION

For the reasons discussed above, the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is denied.

An appropriate Order follows.

Date: **November 20, 2019**

                s/Renée Marie Bumb
                **RENÉE MARIE BUMB**
                **UNITED STATES DISTRICT JUDGE**