<u>NOT FOR PUBLICATION</u>

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| DONALD PLATTEN, | |
| Petitioner | Civ. No. 18-17082 (RMB) |
| v. | **OPINION** |
| DAVID E. ORTIZ, | |
| Respondent | |

BUMB, United States District Judge

    This matter comes before the Court upon Petitioner Donald Platten's ("Petitioner") motion to alter or amend judgment or in the alternative to appoint appellate counsel. (Mot to Alter or Amend, Dkt. No. 16.) On November 20, 2019, this Court denied Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, holding that Petitioner had not shown he was actually innocent of violating 26 U.S.C. § 7212(a) based on the Supreme Court decision in <u>Marinello v. United States</u>, 138 S. Ct. 1101 (2018), as required to obtain habeas relief under § 2241.

    A judgment may be altered or amended, pursuant to Federal Rule of Civil Procedure 59(e)

> if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not

> available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

<u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Petitioner seeks discovery and an evidentiary hearing "to demonstrate the true purpose of the events this court now attributes as proof of his intent to obstruct the criminal investigation (as opposed to concealing the money)." (Mot. to Alter or Amend, Dkt. No. 16 at 1-2.) Because this Court found there was evidence at trial that Petitioner obstructed a known criminal investigation by the IRS, an evidentiary hearing is not required on his actual innocence claim under § 2241. (Opinion, Dkt. No. 14 at 19.) Petitioner has not established a basis for the Court to alter or amend its judgment. Therefore, the Court will deny Petitioner's motion. Petitioner may seek appointment of counsel from the Third Circuit Court of Appeals, if he files an appeal of this matter.

An appropriate Order follows.

Date June 26, 2020          **s/Renée Marie Bumb**
                            RENÉE MARIE BUMB
                            UNITED STATES DISTRICT JUDGE

2